# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDON BURROWS, | CV F 04 6165 AWI LJO P |
| Plaintiff, | ORDER STRIKING MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL FROM RECORD (Doc. 10.) |
| v. | |
| C.M.O., J. KLARICH, et. al., | ORDER DIRECTING CLERK OF COURT TO SERVE COURTESY COPY ON RON HOWARD |
| Defendants. | |

Eldon Burrows ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on August 26, 2004. On November 1, 2004, Plaintiff moved for the appointment of counsel. The Motion was denied by the Court on November 18, 2004. On May 31, 2005, a Motion for Reconsideration of the Order denying the Motion for Appointment of Counsel was filed by Ron Howard, another inmate who states he has "handled the case for [Plaintiff] from the outset, and has written all documents thus far submitted to this Court, including this very motion." (Motion for Reconsideration at 5.)  Mr. Howard also requests that the Court send all further legal correspondence to him to ensure court deadlines will be met and to prevent the institution from opening mail concerning this case sent between himself and Plaintiff. (Motion at 9.) Finally, Mr. Howard asks that the Court grant him permission to file an Appeal in the event the Motion for Reconsideration is denied.

Mr. Howard, as a layperson, is engaging in the unauthorized practice of law when he files complaints and other pleadings on behalf of another inmate. Cal.Bus. & Prof. Code §§ 6125,

6126; 28 U.S.C. § 1654, Local Rule 83-180(b), (d). State and Federal law does not preclude inmates from assisting other prisoners in the preparation of petitions for post-conviction relief in the context sanctioned by the Supreme Court in <u>Johnson v. Avery</u>, 393 U.S. 483, 490, 89 S.Ct. 747 (1969). Inmate writers may assist other prisoners in the *preparation* of post-conviction relief. However, there is no federal authority that authorizes an individual to engage in the practice of law by filing papers with the Court as the inmate's legal representative. <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1355 (9th Cir. 1981). The California Supreme Court has similarly held that absent extraordinary circumstances, an inmate has no right to file papers on behalf of another inmate. <u>In Re Harrell</u>, 2 Cal.3d 675, 689, 87 Cal.Rptr. 504 (1970).[1]

      In this case, the Motion for Reconsideration is clearly signed by Mr. Ron Howard. In addition, Mr. Howard concedes that he has written and filed all documents submitted to the Court thus far. As noted above, Mr. Howard is not a party to the case and as such, is not authorized to submit pleadings on behalf of the Plaintiff.[2] Accordingly, the Motion for Reconsideration will not be considered by this Court and will be stricken from the record.

      The Court HEREBY ORDERS:

      1.    The Motion for Reconsideration is STRICKEN from the Record; and

      2.    The Clerk of Court is DIRECTED to serve a courtesy copy of this Order on Mr. Ron Howard at the address listed on Page 10 of the Motion for Reconsideration.

IT IS SO ORDERED.

**Dated:   September 9, 2005**           /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the Motion for Appointment of Counsel was not signed by any individual. However, the Motion for Reconsideration was clearly signed by Ron Howard. Further, many of the pleadings submitted in the case appear to have different signatures. Thus, it is possible that Mr. Howard has signed pleadings on Plaintiff's behalf in the past.

[2] The Court notes that on September 14, 2005, Plaintiff moved to have his address changed so that all correspondence from the Court would go to Mr. Howard. However, again, Mr. Howard is not a party to the case and is not authorized to practice law in the State of California or before this Court. Thus, Mr. Howard is forewarned that the act of filing of pleadings in court on behalf of another constitutes the unauthorized practice of law and may subject him to prosecution under both state and federal law. Cal.Bus. & Prof. Code §§ 6125, 6126; 28 U.S.C. § 1654, Local Rule 81-180(b), (d)