1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

### EASTERN DISTRICT OF CALIFORNIA

12
13

| | |
|---|---|
| ELDON BURROWS, | CV F 04 6165 AWI LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF A BLANK CIVIL RIGHTS FORM |
| C.M.O., J. KLARICH, et. al., | |
| Defendants. | |

14
15
16
17
18
19

_____/

20        Eldon Burrows ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

21   this civil rights action filed pursuant to 42 U.S.C. § 1983.

22        Plaintiff filed the instant action on August 26, 2004, naming J. Klarich, Chief Medical

23   Officer, M.L. Bendon, Chief Medical Officer, J. Neubarth, Medical Doctor, R.S. Ortiz, Medical

24   Doctor and N. Kushner, Medical Doctor as Defendants.  Plaintiff alleges an Eighth Amendment

25   violation for cruel and unusual punishment.  Plaintiff is seeking declaratory, injunctive,

26   compensatory and punitive damages.

27   //

28

1   **A.  SCREENING REQUIREMENT**

2   The court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

13   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

14   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15   complaint under this standard, the court must accept as true the allegations of the complaint in

16   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

17   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

18   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   **B.  ANALYSIS**

20   In this case, Plaintiff alleges that the Defendants have intentionally and sadistically and

21   maliciously denied and delayed a kidney transplant thereby constituting cruel and unusual

22   punishment.

23   *1.  Linkage Requirement*

24   The Civil Rights Act under which this action was filed provides:

25   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
26   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
27   law, suit in equity, or other proper proceeding for redress.

28   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

2

1   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
2   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
4   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
5   in another's affirmative acts or omits to perform an act which he is legally required to do that
6   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th
7   Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named
8   defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's
9   federal rights.

10      Here, Plaintiff states generally that the Defendants denied and delayed him a kidney
11  transplant even though he had an available donor.  However, Plaintiff fails to link any of the
12  named Defendants to an act or omission that demonstrates a violation of his rights.  Thus, the
13  Complaint fails to state a claim for relief on this basis.

14      ***2.  Eighth Amendment***

15      "The Eighth Amendment's proscription against cruel and unusual treatment is violated
16  when officials remain deliberately indifferent to the serious medical needs of convicted
17  prisoners." Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996) (*citing* Estelle v. Gamble, 429
18  U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).   A prisoner's claim of inadequate medical
19  care does not constitute cruel and unusual punishment unless the mistreatment rises to the level
20  of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106
21  (1976).

22      The "deliberate indifference" standard involves an objective and a subjective prong.
23  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v.
24  Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second,
25  the prison official must act with a "sufficiently culpable state of mind," which entails more than
26  mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer
27  v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner
28  unless the official "knows of and disregards an excessive risk to inmate health or safety."  Id.

3

1      In applying this standard, the Ninth Circuit has held that before it can be said that a

2 prisoner's civil rights have been abridged, "the indifference to his medical needs must be

3 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

4 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

5 Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or

6 treating a medical condition does not state a valid claim of medical mistreatment under the

7 Eighth Amendment. Medical malpractice does not become a constitutional violation merely

8 because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

9 County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

10 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

11 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate

12 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

13 1990).

14      In addition, "mere delay of [medical treatment], without more, is insufficient to state a

15 claim of deliberate medical indifference." Shapley v. Nevada Bd. of State of Prison Comm'rs,

16 766 F.2d 404, 407 (9th Cir.1985). To prevail, Plaintiff "must show that the course of treatment

17 the doctors chose was medically unacceptable under the circumstances and ... that they chose this

18 course in conscious disregard of an excessive risk to [P]laintiff's health." Id.

19      Finally, a "difference of medical opinion ... [is] insufficient, as a matter of law, to

20 establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez

21 v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

22      Plaintiff alleges that Defendants subjected him to cruel and unusual punishment because

23 he was denied a kidney transplant and has now suffered from kidney failure. However, Plaintiff

24 does not allege facts sufficient to demonstrate any of the named Defendants knew of and

25 disregarded a serious risk to his health. In addition, as noted above, Plaintiff does not link any

26 of the named individuals to an act or omission giving rise to the alleged constitutional violation.

27 Thus, the Complaint fails to state an Eighth Amendment medical claim.

28 **C. CONCLUSION**

4

1    The Court finds Plaintiff's Complaint fails to state a cognizable Eighth Amendment claim

2    against any of the named Defendants under Section 1983.   The Court will provide Plaintiff with

3    time to file a first Amended Complaint curing the deficiencies identified above should he wish to

4    do so.

5    Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

6    resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

7    1980).  The Amended Complaint must specifically state how each defendant is involved.

8    Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

9    connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

10   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

11   F.2d 740, 743 (9th Cir. 1978).

12   Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

13   be complete in itself without reference to any prior pleading.  As a general rule, an Amended

14   Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15   1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

16   function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

17   claim and the involvement of each defendant must be sufficiently alleged.  The Amended

18   Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

19   appropriate case number, and be an original signed under penalty of perjury.

20   **D. ORDER**

21   The Court HEREBY ORDERS:

22   1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

23         complaint form;

24   2.    The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

25         (30) days from the date of service of this order, Plaintiff SHALL:

26         a.    File an Amended Complaint curing the deficiencies identified by the Court

27               in this Order, or

28         b.    Notify the Court in writing that he does not wish to file an Amended

                                    5

1    Complaint and pursue the action but instead wishes to voluntary dismiss

2    the case.

3        Plaintiff is forewarned that his failure to comply with this Order may result in a

4    Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

5

6    IT IS SO ORDERED.

7    **Dated:    September 27, 2005**              **/s/ Lawrence J. O'Neill**
     b9ed48                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28