# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDON BURROWS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C.M.O., J. KLARICH, et. al.,<br><br>　　　　　　Defendants.<br>_____/ | CV F 04 6165 AWI LJO P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED JANUARY 12, 2006 (Doc. 21.)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF A BLANK CIVIL RIGHTS FORM |

　　Eldon Burrows ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　Plaintiff filed the instant action on August 26, 2004, naming J. Klarich, Chief Medical Officer, M.L. Bendon, Chief Medical Officer, J. Neubarth, Medical Doctor, R.S. Ortiz, Medical Doctor and N. Kushner, Medical Doctor as Defendants.

　　On September 28, 2005, the Court dismissed the Complaint with leave to amend as Plaintiff failed to link any of the named defendants to an act or omission giving rise to the Eighth Amendment allegation. The Order granted Plaintiff sufficient time to submit an Amended

1

Complaint, however, no Amended Complaint was filed.  Thus, on January 12, 2006, the Court issued Findings and Recommendations to dismiss the action for Plaintiff's failure to comply and for failing to state a claim on which relief can be granted.  Plaintiff filed Objections to the Findings and Recommendations on February 1, 2006 and on February 24, 2006, he submitted an Amended Complaint.  In light of Plaintiff's belated compliance, the Court will VACATE the Findings and Recommendations.

The Court has reviewed the Amended Complaint, however, and finds that it has not cured the deficiencies outlined in the Court's prior Order Dismissing with Leave to Amend.

**A. SCREENING REQUIREMENT**

As stated in the Court's prior Order, this Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ANALYSIS**

In the Amended Complaint, Plaintiff again alleges that the named Defendants have denied him a kidney transplant in violation of his Eighth Amendment Rights.

### 1. Linkage Requirement

As was also stated in the Court's prior Order, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an *actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.* See Monell v. Department of Social Services, 436 U.S. 658 (1978) (emphasis added); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief under section 1983, Plaintiff *must* link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

As in the original complaint, Plaintiff again merely names the Defendants and then states generally that "the doctors mentioned in my lawsuit" refused to test his brother for a compatibility and denied him proper treatment for his disease. Plaintiff does not link each individual to an act or omission giving rise to a constitutional violation. Stating generally that a group of individuals are responsible for what Plaintiff believes is inadequate health care is insufficient. The Court cannot be more clear. Plaintiff must state what each individual did or did not do that resulted in the alleged violation. The Court will again provide Plaintiff with the relevant law and again allow him to submit a Second Amended Complaint that cures these and the deficiencies outlined below.

### 2. Eighth Amendment

"The Eighth Amendment's proscription against cruel and unusual treatment is violated when officials remain deliberately indifferent to the serious medical needs of convicted prisoners." Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996) (*citing* Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In addition, "mere delay of [medical treatment], without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nevada Bd. of State of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and ... that they chose this course in conscious disregard of an excessive risk to [P]laintiff's health." Id.

Finally, a "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

As in the case above, Plaintiff does not provide specific facts indicating a violation of his Eighth Amendment rights. At most, Plaintiff provides the fact that doctors (unnamed) refused to test his brother to see if his brother was a match for a kidney transplant. However, these facts do not establish that any particular individual knew of and disregarded a serious risk to his health. In addition, as noted above, Plaintiff does not link any of the named individuals to an act or omission giving rise to the alleged constitutional violation. Thus, the Amended Complaint again fails to state an Eighth Amendment medical claim.

## C. CONCLUSION

The Court finds Plaintiff's Amended Complaint fails to state a cognizable Eighth Amendment claim against any of the named Defendants under Section 1983. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

5

be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**D.  ORDER**

The Court HEREBY ORDERS:

1. The Findings and Recommendations issued January 12, 2006, are VACATED;
2. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
3. The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:     February 28, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                                       UNITED STATES MAGISTRATE JUDGE