# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDON BURROWS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. KLARICH, J. NEUBARTH, and<br>R. S. ORTIZ,<br><br>　　　　　Defendants.<br>_____/ | 1:04-cv-06165-AWI-GSA-PC<br><br>ORDER NOTIFYING DEFENDANTS THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS NOT BEEN TRIGGERED BY FILING OF NOTICE DUE TO DEFICIENCIES<br>(Doc. 44-1.) |

　　　　Eldon Burrows ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 26, 2004. (Doc. 1.) On July 11, 2007, defendants filed a notice of suggestion of death of defendant J. Klarich pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Doc. 44-1.)

　　　　Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(1). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow v. Ground, 39 F.3d at 232-234. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471 (2d. Cir. 1998).

      Defendants are HEREBY NOTIFIED that the ninety-day period has not been triggered by the defendants' filing of the notice because there is no declaration of service or other proof reflecting that there has been proper service of the suggestion of death on the nonparty successors or representatives of plaintiff.

IT IS SO ORDERED.

Dated:   **August 7, 2008**               **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE